IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANETTA G. GETZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-148 Erie |
| | ) |
| THOMAS R. BURSICH, DDS., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT OF PARTIES' RULE 26(f) CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's June 9, 2005, Preliminary Scheduling Order, the parties conferred on June 21, 2005 and created the following proposed discovery plan:

1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

    The parties agree that initial disclosures shall be made in the manner prescribed by Rule 26(a). Pursuant to Rule 26(a)(1), the parties must exchange initial disclosures on or before **July 5, 2005**.

2. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

    a. The parties agree that discovery will be needed on all matters relating to the allegations contained in Getz's Amended Complaint and the Defendant's Answer and Defenses. The parties agree that discovery should not be conducted in phases or otherwise limited to particular issues.

1

     b.    The parties propose that all discovery must be commenced in time to be completed by **November 5, 2005,** and that the discovery deadline may not be extended except by Court approval. The parties further agree that they will not oppose a request for an extension of discovery if it becomes necessary for either party to retain an expert witness and will, at that time, propose dates for the exchange of expert reports and for the taking of expert depositions.

3.    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

The parties agree that, at this time, there should not be any changes to the limitations on discovery imposed by the Rules of Civil Procedure or by local rule and that no other limitations need be imposed.

4.    Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

     a.    The parties propose that all motions for summary judgment and supporting documentation be filed on or before **December 5, 2005** and that briefs in opposition be filed on or before **January 3, 2006**. Reply briefs, if filed, must be filed on or before **January 17, 2006**.

     b.    The parties propose that Plaintiff's pretrial narrative statement be filed on or before **February 3, 2006,** that Defendant's pretrial narrative statement be filed on or before **March 2, 2006,** and that these deadlines be automatically stayed by the filing by either party of a motion for summary judgment.

Respectfully submitted,

| | |
|---|---|
| **ELDERKIN, MARTIN, KELLY & MESSINA** | **PROSKAUER ROSE LLP** |
| *(signature)* | *(signature)* |
| Christopher J. Kovski, Esquire | Devora L. Lindeman, Esquire |
| PA Bar No. 77437 | *Admitted Pro Hac Vice* |
| Edward J. Betza, Esquire | One Newark Center |
| PA ID No. 65529 | 18th Floor |
| 150 East Eighth Street | Newark, NJ 07102-5211 |
| Erie, PA 16501 | (973) 274-3235 |
| (814) 456-4000 | |
| | |
| Attorneys for Plaintiff, Danetta G. Getz | **MACDONALD ILLIG JONES & BRITTON, LLP** |
| | |
| Dated July 15, 2005 | |
| | Roger H. Taft, Esquire |
| | PA Bar No. 19983 |
| | Walter E. Deacon, III |
| | PA Bar No. 82961 |
| | 100 State Street, Suite 700 |
| | Erie, PA 16507-1459 |
| | (814) 870-7603 |
| | |
| | Attorneys for Defendant, |
| | Thomas R. Bursich, DDS |
| | |
| | Dated July ___, 2005 |